Pagliara Law Group, P.A.
939 JFK Blvd. East No. 2
Weehawken, NJ 07086
Attorney for Plaintiff

**By: Nicholas Anthony Pagliara**
**Attorney ID No. 054712014**
office@pagliaralawgroup.com
(201) 470-4181

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| **SONALI CHILUPURI,** | Civil Action No: |
| | **COMPLAINT** |
| Plaintiff, | |
| | **JURY TRIAL DEMANDED** |
| v. | |
| **EAGLE IT INC.** | |
| 6 Kilmer Road Suite C | |
| Edison, NJ 08817 | |
| | |
| **AHMED MUSTAFA A MIRZA** | |
| **a/k/a Ahmed Mustafa** | |
| 6 Kilmer Road Suite C | |
| Edison, NJ 08817 | |
| | |
| Defendants. | |

## COMPLAINT

Plaintiff, Sonali Chilupuri ("Plaintiff" or "Sonali"), by this Complaint

through her undersigned counsel PAGLIARA LAW GROUP, PA, as set forth below, upon

information and belief and investigation of counsel brings this Complaint against Defendants

Ahmed Mustafa A Mirza ("Ahmed"), and Eagle IT Inc. ("Eagle IT" or "Employer")

(hereinafter collectively the "Defendants") hereby says:

## NATURE OF ACTION

1.     This is an action seeking equitable and legal relief for: (1) Fair Labor Standards

Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"); (2) New Jersey Wage Payment

Act, N.J.S.A. 34:11-4.1, et seq.; (3)  a violation of the New Jersey Wage and Hour Law,

N.J.S.A. 34:11-56a et seq. ("Wage and Hour Law");; (4) Retaliation/ a violation of Pierce v.

Ortho Pharmaceutical Corp., 84 N.J. 58 (1980); (5) breach of express contract; (6) breach of

implied contract; (7) breach of the implied covenant of good faith and fair dealing; (8)

Conscientious Employee Protection Act; (9) unjust enrichment; (10) a violation of section

15(a)(s) of the FLSA, 29 U.S.C. §215(a)(3) (Retaliation); and  (11) late wages under  Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA").  As a result of

Defendants' unlawful actions, Plaintiff  seeks damages and reasonable attorney's fees.

## JURISDICTION AND VENUE

2. This Court has federal question subject-matter jurisdiction pursuant to 28 U.S.C.

§1331, because Plaintiff alleges that Defendants violated the  Fair Labor Standards Act of 1938,

as amended, 29 U.S.C. §§ 201, et seq. ("FLSA")

3.  The Defendants conduct business in New Jersey.   Plaintiff's claims arise, in

substantial part, in Middlesex County. Defendants' regularly conduct business in New Jersey

and are subject to personal jurisdiction in this district.  Defendants have affirmatively

established and maintained contacts with the State of New Jersey. Defendants advertise, offer

services, offer employment, sign agreements in Middlesex County, New Jersey.

4. This Court has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C.

§ 1367(a) because all claims alleged herein are part of the same case or controversy

5.  Venue is proper in the United States District Court, District of New Jersey, Newark

pursuant to 28 U.S.C. § 1391.  Venue is proper in this County because the Defendants

own and operate a business with an office in Middlesex County, New Jersey, and engage in

substantial transactions in this County and many of the transactions complained of herein

occurred in this County including specifically the offering of employment, and hiring

employees as such with Plaintiff.

## **PARTIES**

6.  Plaintiff, **SONALI CHILUPUR** ("Plaintiff" or "Sonali") lives in Belle Mead, New

Jersey.

7.  Sonali is an Indian National

8.  At all times relevant she has had her proper and valid work authorizations.

9.  At all times relevant Sonali is an employee of Eagle IT Inc.

10. Sonali was employed as a Technical Project Manager in a remote capacity and

performed job related duties in the State of New Jersey.

11. Defendant, **EAGLE IT INC**. is a New York Corporation and registered as a foreign New Jersey Corporation with its principal place of business located at 6 Kilmer Rd, Suite C Edison, NJ 08817.

12. At all times relevant Eagle IT Inc. is an employer and the employer of Plaintiff.

13. Eagle IT Inc. is a software staffing company that works on software projects for their Fortune 500 clients such as healthcare, banking, IT finance.

14. Defendant, **AHMED MUSTAFA A MIRZA a/k/a Ahmed Mustafa** is a corporate officer and/or the owner, CEO and manager of Plaintiff of whom SONALI reported to. He runs the day-to-day operations of the Defendant EAGLE IT INC. for the relevant time period and was responsible for paying Sonali's wages for the relevant time period. He controlled Plaintiffs work and schedule and was therefore Plaintiff's employer as defined by 29 USC section 203(d). He engaged in unlawful conduct by failing to paySonali's wages, thereby resulting in her unjust enrichment. Ahmed Mustafa is a citizen of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. At all times relevant, Sonali was legally present in the United States under an F-1 visa.

16. Sonali earned a STEM degree from Southeast Missouri State University for her Bachelor's degree majoring in Computer and Information Sciences from August 15, 2016 and

3

graduated on December 13, 2019. The same school then  recommended her STEM OPT.

17. STEM Optional Practical Training (STEM OPT) is an extension of the U.S. DHS's

nonimmigrant F-1 student visa. The STEM OPT allows those with a science, technology,

engineering and/or math degree to extend their stay in the U.S. for up to 24 months after the

student's initial post-degree-completion OPT, which is for 12 months.

18.  Employers must pay STEM OPT holders with compensation that is comparable to

that of US workers who perform similar duties and have similar educational and profession

experiences.

19. Sonali has her work authorization under STEM OPT  from 02/10/2021 to 02/09/2023

20.  On April 15, 2022 Sonali accepted employment with Eagle IT Inc. to be employed

as a Technical Project Manager (but did not actually manage any other persons) and reporting to

her manager, Ahmed Mustafa in a remote capacity **( Exhibit 1).**

> The employment offer letter stated:

> **"The terms and conditions set forth herein shall become effective upon the Approval date."**

21. The stated annual salary was $120,000.00  with paychecks to be issued on the 15th of

each month for the days from the first to the last day of the previous month.

22.  On April 15, 2022 Eagle IT and Sonali signed and filed the Training Plan for

STEM OPT

23. Section 3 on Form I-983 has the same April 15, 2022 start date as well.

24. Both Form I-983 and the offer letter that was accepted have a salary of $120,000.00

25. Sonali actually accepted, approved and began working on April 15, 2022 for Eagle IT Inc as a Technical Project Manager.

26. Throughout Sonali's employment, she consistently worked 40 hours per week.

27. On August 1, 2022 both parties signed an employment agreement that added some provisions to the original employment offer.

28. Provision 6 of the employment agreement titled "***Compensation***" states the employee will be paid $65.00 per hour and payable on a bi-weekly basis.

29. Provision 10 of the employment agreement titled "***Employment status***" states it is the intent of the parties that Employee shall act and have the status of an employee of EAGLE IT INC.  Furthermore, Provision 11a. Addresses "***Reimbursement***" and states employee must pay employer back if terminated for the costs of any training.

30. Since April 15, 2022 Plaintiff has worked 40 hours and has not received the agreed upon salary from her employer Eagle IT INC.  There has not been any wages paid until September 12, 2022.

31. Plaintiff worked and has not even received the required minimum wage let alone her hourly rate or salary.

32. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act.

**Eagle IT Inc. and Ahmed Mustafa have only paid Plaintiff 6 times since April 15, 2022**

| PAY PERIOD | PROMISED DATE | ACTUAL PAID DATE | AMOUNT PAID NET |
|---|---|---|---|
| 08/01/22-08/15/22 | Bi-weekly **LATE** | Not paid | Not paid |
| 08/16/22-08/31/22 | Bi-weekly **LATE** | 9-13-22 | $9,004.14 Paid for 2 periods as he was late for prior period |
| 09/01/22-09/15/22 | Bi-Weekly **LATE** | 09-26-22 | $4,638.51 |
| 09/16/22-09/30/22 | Bi-Weekly **LATE** | 10-11-22 | $4,774.50 |
| 10/01/22-10/15/22 | Bi-Weekly **LATE** | 10-24-22 | $4.366.49 |
| 10/16/22-10/30/22 | Bi-Weekly **LATE** | 11-8-22 | $4,729.16 |
| 11/01/22-11/15/22 | Bi-Weekly **LATE** | 11-19-22 | $4,821.40 |

TOTAL WAGES PAID TO DATE: $32, 334.2

33.  Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period of April 15, 2022 until August 1 2022.

34. Defendants failed to advise Plaintiff of her minimum wage rights.

35. Defendants failed to train or give notice to Plaintiff of her minimum wage rights.

36. Sonali was not a supervisor throughout the time period of her employment with Defendants.

6

37. Sonali had no supervisory duties over any employees throughout the time period of her employment with Defendants.

38. Sonali was not employed in an executive, administrative, or professional capacity throughout the time period of her employment with Defendants.

39. Sonali was not an employee whose primary duties consisted of management type duties.

40. Sonali was not an employee who customarily or regularly directed the work of other employees.

41. Sonali was not an employee who had the authority to hire or fire other employees

42. Sonali was not an employee whose suggestions and recommendations as to the hiring and firing and as to the advancement and promotion of or any other change of status of other employees would be given any weight.

43. Sonali was not an employee who customarily and regularly could exercise discretionary powers.

44. Sonali was not an employee whose primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers.

45. Sonali was not an employee who independently exercised discretion and independent judgment.

7

46. Sonali was not an employee who must perform work requiring advanced knowledge; (2) The advanced knowledge must be in a field of science or learning; and (3) The advanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruction.

47.  Sonali was a salaried employee from April 15, 2022 until the new agreement in August 1, 2022 clarified she was hourly at $65.00 per hour.  This made her a non-exempt employee.

### SONALI'S H1B PETITION

48. Sonali was legally able to work as an employee under the STEM OPT program for the duration as stated above.

49. H-1B visas are essential because they typically represent the only practical way for high-skilled foreign nationals, including international students, to work long-term in the United States.

50. Step one is being chosen in the H1B visa lottery.

51. On or around April 2022, Sonali was chosen in the lottery by USCIS.

52. Upon information and belief, on or around June 25, 2022, Plaintiff's employer, EAGLE IT INC. filed the petition to sponsor her for her H1B visa.

### COMPLAINTS ABOUT PAY

53. On several occasions from April 30, 2022 until present Sonali has complained to her

8

employer that he owes her back wages.  Ahmed Mustafa has ignored all requests and has

retaliated and intimidated her by exerting control over her as referenced below.

## DEFENDANTS RETALIATION AGAINST SONALI

54. Under the portability rule, an H1B visa holder can transfer her visa to another

employer. But the employer has to tell the employee her status.  Defendant, Ahmed Mustafa is

basically holding Sonali hostage in not telling her the status, not giving her the information to

find out her status on her own, not allowing her to transfer employers and not paying her wages

in the past.

55. Employers do not want to lose an employee as an asset to the company.

56. This practice is usually done by some unscrupulous consultancy companies that do

not want its employees to leave at will from their employment.  This is a type of slavery where

the employer exploits the employee because the employee cannot leave the job or they will be

deported and hence the employer keeps the wages low or does not pay the employee for

months.  Eagle It Inc. and Ahmed Mustafa are engaging in this type of control with Sonali.

57. In India, usually companies exercise this kind of control and are able to do this by

sneaking in a clause of  bond period wherein if you leave the employer before that period

expires that you will have to pay them money.  In the US, companies cannot do this and hence

the consulting companies resort to this type of tactics.  This is relevant because the owner in his

signature block in his email states he has a presence in India and has affiliate companies there as well.

58.  Instead of addressing the back wages complaint, Ahmed Mustafa has threatened Sonali with her H1B petition and even made a statement to her attorney on the phone that she is a troublemaker and he will not sponsor her under her H1B visa anymore for basically complaining about owed wages and exhausting her legal rights.

59. Defendant, Ahmed Mustafa is trying to sabotage Sonali's H1B petition and is not responding or communicating to her or her attorney.  He has ignored all responses of communication and requests for her status including asking for her beneficiary/receipt number.

## FACTS ABOUT LATE PAYCHECKS

60.  In addition to not being paid wages at all from April 15, 2002 to July 31. 2022, Defendants were *late* on other payments from August 1, 2022 to present.

61. Sonali was promised in the employment agreement **(Exhibit 2)** to be paid bi-weekly.

62. There were no payments made at all in August and seven (7) paychecks were paid late as referenced in the table below.

63.  Sonali worked 40 hours each week during the pay period.

64.  Her pay rate during this time was $65.00 per hour.

65.  Her employer owes her an additional paycheck (plus interest) for each check that was late as liquidated damages under the FLSA for the late payment.

**Eagle IT Inc. and Ahmed Mustafa have paid Plaintiff late 7 times since August 16, 2022**

| PAY PERIOD | PROMISED DATE | ACTUAL PAID DATE | AMOUNT PAID NET |
|---|---|---|---|
| 08/01/22-08/15/22 | Bi-weekly **LATE** | Not paid | Not paid |
| 08/16/22-08/31/22 | Bi-weekly **LATE** | 9-13-22 | $9,004.14 Paid for 2 periods as he was late for prior period |
| 09/01/22-09/15/22 | Bi-Weekly **LATE** | 09-26-22 | $4,638.51 |
| 09/16/22-09/30/22 | Bi-Weekly **LATE** | 10-11-22 | $4,774.50 |
| 10/01/22-10/15/22 | Bi-Weekly **LATE** | 10-24-22 | $4.366.49 |
| 10/16/22-10/30/22 | Bi-Weekly **LATE** | 11-8-22 | $4,729.16 |
| 11/01/22-11/15/22 | Bi-Weekly **LATE** | 11-19-22 | $4,821.40 |

**TOTAL WAGES PAID TO DATE: $32, 334.2**

## Individual FLSA Coverage

66. At all times relevant, Sonali was and is  protected by the FLSA  because Defendants'

business and her work regularly involves them in commerce between States ("interstate

commerce"). Sonali as an employee was "engaged in commerce when she would regularly

make telephone calls to persons and vendors located in other States, such as Texas and New York.

67. Defendants also maintain a presence on the internet using a website for EAGLE IT INC.   The website domain is www.eagleitinc.com (website accessible at https://eagleitinc.com/index.php (last accessed November 16, 2022) and states "Through our unique global Flexi-shipping, we deliver onsite, offsite, and offshore answers to international customers."  This admission shows they engage in interstate commerce.

### Enterprise FLSA Coverage

68. In the alternative, upon information and belief the Defendant Corporation, individually had gross sales or business done in excess of $500,000 annually for the past 3 years.

69. Furthermore, Defendants regularly employed two or more employees for the relevant time period who were engaged in interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

70. Upon information and belief, Defendant EAGLE IT INC. is part of a joint enterprise as defined by 29 U.S.C. § 203(r) with MAK IT INC. as the related activities between the various businesses, performed through unified operation and/or common control, are being done for a common business purpose. For example, Defendant EAGLE IT INC. shares employees with MAK IT INC.

### CAUSES OF ACTION

### COUNT I
### FEDERAL FLSA MINIMUM WAGE VIOLATION

12

(Plaintiff v. Defendant Eagle It Inc. and Ahmed Mustafa)

71. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

72. 29 U.S.C. § 206(a)(1) states, in pertinent part, "..an employer must pay a minimum wage $7.25/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206(a)(1)].

73. From on or about April 15, 2022 through on or about August 30, 2022 Plaintiff worked on the clock for 40 hours per week for which she was not paid anything.

74. Said payment of wages is in violation of the Fair Labor Standards Act as said payment did not meet the applicable Federal Minimum Wage required for said period of time.

75. Therefore, Plaintiff claims the the applicable Federal Minimum Wage for each hour worked in a workweek.

76. Defendants willfully and intentionally refused to pay Plaintiff's minimum wages as required by the Fair Labor Standards Act.

77. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

78. Defendant, Ahmed Mustafa is also individually and personally liable for damages under this Count.

79. Wherefore, Plaintiff requests liquidated double damages up to 200% and reasonable attorney fees and costs from the Defendants pursuant to the Fair Labor Standards Act and as

cited above, to be proven at the time of trial for all minimum wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act --whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances.

**COUNT II**
**Violation of the New Jersey State Wage and Hour Law**
(N.J.S.A. § 34:11-56a et seq.) (As Against All Defendant
(Plaintiff v. all Defendants)

80. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

81. As discussed in previous paragraphs, the Defendants acted willfully, negligently, and/or fraudulently in providing the Plaintiff with any pay checks and refusing to make timely payment of her regular wages.

82. Plaintiff is a party to whom wages are owed pursuant to the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11-56a25. 43.

83.  The Defendants are employers within the meaning of the New Jersey State Wage and Hour Law, N.J.S.A. § 34:11- 56a1(g). Defendants failed to pay Plaintiff his full wages within the time mandated by the New Jersey Wage and Hour Law.

84. Defendants willfully failed to pay Plaintiff all amounts of wages earned including overtime, within the time limits prescribed by the New Jersey State Wage and Hour Law.

85. The alleged actions were outrageous and beyond all bounds of human decency,

justifying the imposition of punitive damages against all Defendants.

86. The acts alleged herein were performed with malice and reckless indifference to the Plaintiff's protected rights.

87. The willful indifference and actual participation of EAGLE IT INC. creates liability against the company for the illegal actions of its owner and employees.

88. As a result of the Defendants' intentional and outrageous actions toward the Plaintiff, as detailed in the previous paragraphs of this Complaint, the Plaintiff has suffered, and continues to suffer, embarrassment, humiliation, monetary, emotional, reputational, and other personal injuries.  Plaintiff demands unpaid wages and liquidated damages equal to not more than 200 percent the amount of the unpaid wages

**COUNT III**
**Violation of New Jersey Wage Payment Act**
**(N.J.S.A. § 34:11-4.1, et seq.)**
(Plaintiff  v.  All Defendants)

89. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

90. Defendants were an employer within the meaning of the New Jersey Wage Payment Act, N.J.S.A. § 34:11-4.1(a).

91. Plaintiff was an employee within the meaning of N.J.S.A. § 34:11-4.1(b).

92. Defendants knowingly failed to pay Plaintiff his full wages as same came due each

pay period and have thereby violated the provisions of N.J.S.A. § 34:11-4.2.

93. Plaintiff was promised a salary of $120,000 or a rate of $65.00 per hour

in connection with her employment, however Plaintiff never received payment as mentioned

above or when she did it was late for other pay periods.

94. Defendants knowingly and unlawfully withheld and/or diverted Plaintiffs wages

without Plaintiff's authorization, as outlined hereinabove and in so doing, Defendants have

thereby violated the provisions of N.J.S.A. § 34:11-4.4 and N.J.S.A. § 34:11- 4.14. 56.

95. Plaintiff faced retaliation for her complaints regarding Defendants Wage and

Hour violations.

96. Pursuant to N.J.S.A. § 34:11-4.10(c), Plaintiff is entitled to recover the full amount of

wages due, as well as any wages lost due to retaliatory action by Defendants, plus liquidated

damages in the amount of 200% and attorneys fees.

**COUNT IV**
**Unjust Enrichment/Detrimental Reliance**
(Plaintiff  v.  All Defendants)

97. Plaintiff repeats, realleges and incorporates by reference each and every allegation as

set forth in this Complaint.

98. Plaintiff pleads this cause of action in the alternative to the breach of contract claim

below as permitted under Federal Rule of Civil Procedure 8 (d)(2).

99. Defendants received a benefit insofar as Plaintiff provided Defendants with services

for which Plaintiff was not properly compensated and may have incurred various expenses on behalf of the business for which Plaintiff was not reimbursed.

100. Plaintiff made these expenditures at the direction of her employer and was promised reimbursement in connection with the same.

101.  Plaintiff relied upon Defendants' representation that Plaintiff would be reimbursed for these expenditures.

102. Despite these representations by her employer, and reliance upon the same by Plaintiff, to date Plaintiff has not received reimbursement for her expenditures on behalf of Defendants and has thereby suffered damages.

103. Plaintiff was denied the compensation promised in connection with her employment and did not receive the compensation promised for her services.

104.  To permit Defendants to decline Plaintiff reimbursement for her expenses on behalf of her employer and deny her remuneration for services performed would result in unjust enrichment of Defendants. Accordingly, Plaintiff seeks restitution and remuneration of the aforesaid benefits conferred upon Defendants.

105. WHEREFORE, Defendant demands for all Allegations and all Counts, judgment against Defendant, jointly, severally and alternatively, for Compensatory, Consequential, and Ancillary damages; Restitution; Pre- and post- judgment interest: enhancement for gross tax consequences; Reasonable costs and Attorney's fees under common law and statute: Costs of

suit and any other relief this Court deems just and equitable.

## COUNT V
## <u>Violation of Conscientious Employee Protection Act</u>
## N.J.S.A. § 34:19-1, et seq.
(Plaintiff  v.  All Defendants)

106. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

107. Plaintiff complained to her employer and to the individually named Defendant of unlawful and illegal business practices in violation of New Jersey Wage and Hour Laws, New Jersey Wage Payment Act and Fair Labor Standards Act.

108. At all times relevant, Plaintiff held a good faith and reasonable belief that Defendants' actions were unlawful.

109. As a result of Plaintiff's complaints as outlined hereinabove, Plaintiff was subjected to retaliation and intimidation by Defendants.

110. Plaintiff was subjected to retaliation following her complaint to the owner and her Manager Ahmed Mustafa when he subjected her on numerous occasions to intimidation and threatened her with her H1B petition and immigration status as a result of exhausting her legal rights for unpaid and late payment of wages.

111. Plaintiff has suffered anxiety and emotional distress because she is being held hostage and cant transfer her H1B visa to another employer and is fearful the Defendant's are sabotaging her legal status of which this is causally connected to her complaints regarding

various violations of law and the reprisals taken against her due to the same.

## COUNT VI
### Common Law Retaliation
**Pierce v. Ortho. Pharmaceutical, 84 N.J. 58 (1980)**
(Plaintiff  v.  All Defendants)

112. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

113. Defendants' conduct violated the clear mandate of public policy of retaliating against an employee for objecting to violations of law and illegal conduct.

114.  Plaintiff complained on numerous occasions that Defendants were engaged in violations of the New Jersey Wage and Hours Laws, Wage Payment Act and Fair Labor Standards Act.

115. Plaintiff was subjected to retaliation following her complaint to the owner and her Manager Ahmed Mustafa when he subjected her on numerous occasions to intimidation and threatened her with her H1B petition and immigration status as a result of exhausting her legal rights for unpaid and late payment of wages.

116. Plaintiff has suffered anxiety and emotional distress because she is being held hostage and cant transfer her H1B visa to another employer and is fearful the Defendant's are sabotaging her legal status of which this is causally connected to her complaints regarding various violations of law and the reprisals taken against her due to the same.

19

117. The illegal conduct of Defendants, as outlined hereinabove, was a clear violation of New Jersey Wage and Hour Laws, the New Jersey Wage Payment Act and the Fair Labor Standards Act.

118. The above-described action of Defendants constitutes a wrongful discharge of Plaintiff's employment in violation of a clear mandate of public policy.

**COUNT VII**
**<u>Breach of Express Contract</u>**
**Unpaid Wages**
(Plaintiff  v.  All Defendants)

119. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

120. Plaintiff entered into a legally enforceable contract with Defendant.

121. Defendants had contractual obligations to Plaintiff that were set forth in the offer letter **(Exhibit 1)** and the employment agreement **(Exhibit 2)** that was signed by both parties on the dates mentioned above.

122.  Defendants' actions breached the contractual obligations set forth in these documents by failing to pay Plaintiff the full pay amount owed on multiple occasions.  Between April 15, 2022 and August 31, 2022 Plaintiff worked 40 hours each week.  20 weeks were worked and unpaid.

123.  Furthermore, 7 paychecks were paid late beyond the bi-weekly promised payment

date from August 15, 2022 to present at the time of this Complaint being filed.

124. Defendants' actions give rise to the claim of breach of express contract.

125. Plaintiff's salary is $120,000 and was amended as of August 1, 2022 the stated rate of pay was $65.00 per hour.

126. Defendant failed to pay Plaintiff for the salary from April 15, 2022 until July 31, 2022.

127. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment.

128. WHEREFORE, due to Defendant's breach of contract, Plaintiff requests that this Court enter judgment in Plaintiff's favor against Defendant for all damages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life, lost wages, interest, costs, reasonable attorney's fees, and all such other and further relief as the Court deems just and proper.

## COUNT VII
## **Breach of Implied Contract**
(Plaintiff  v.  All Defendants)

129.  Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

130. Defendants had contractual obligations to plaintiff that were set forth in their oral representations and actions.

21

131. Defendants' actions breached the contractual obligations set forth in these communications.

132. Defendants' actions give rise to the claim of breach of implied contract.

133. As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged and is seeking  compensatory damages.

## COUNT IX
### Breach of the Implied Covenant of Good Faith and Fair Dealing
(Plaintiff  v.  All Defendants)

134. Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

135. Defendants had contractual obligations to Plaintiff as reflected above.

136. Implied in each and every contract is a covenant of good faith and fair dealing.

137. Defendants have breached these obligations.

138. Defendants' actions give rise to the claim of breach of the implied covenant of good faith and fair dealing.

139. As a direct and proximate result of the actions of Defendants, Plaintiff has been damaged.

## COUNT X
### FLSA RETALIATION
### (Violation of Section 15(a)(3) of the Act, Retaliation Against Employees)
(Plaintiff  v.  All Defendants)

140.  Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth in this Complaint.

141. Section 15(a)(3) prohibits retaliation against employees and former employees because they assert their rights under the FLSA. The provision prohibits, among other things, "any person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such an employee has filed a complaint . . . under or related to this chapter [8 of the FLSA]." 29 U.S.C. § 215(a)(3).

142. EAGLE IT INC. and AHMED MUSTAFA have violated Section 15(a)(3) by intimidating and making statements to threaten or attempt to cause adverse action related to her H1B statement because she engaged in the protected activity of complaining to her supervisor that she was not being paid for all hours worked and late paychecks.

143. By engaging in the conduct set forth above, Defendants have violated section 15(a)(3) of the Act, by retaliating and discriminating against an employee for engaging, or preparing to engage, in activity that is protected by the Act, specifically complaining about not being paid properly.

144.  As a result of Defendants' actions, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as complaining about pay violations of the FLSA.

145. On information and belief, by engaging in the conduct set forth above, Defendants continues to violate section 15(a)(3) of the Act, by retaliating and discriminating against

Sonali for engaging, or preparing to engage, in activity that is protected by the Act,

including but not limited to complaining about not being paid properly.

## COUNT XI
## <u>FAILURE TO PAY MINIMUM WAGES TIMELY AS  REQUIRED BY FLSA</u>
## LATE PAYMENT VIOLATION
(Plaintiff v. Defendant Eagle It Inc. and Ahmed Mustafa)

146. Plaintiff repeats, realleges and incorporates by reference each and every allegation

as set forth in this Complaint.

147. On numerous occasions, as shown above in table, Defendants failed to pay Plaintiff

for work performed on the promised bi-weekly basil

148. Defendants failure to pay minimum wage on the scheduled payday violates the Fair

Labor Standards Act.

149. Defendants' violation was willful and in conscious or reckless disregard of the

requirements of the law.

150. As a result, Plaintiff suffered injuries, including monetary damages and is entitled to

statutory liquidated damages for an exact amount doubled of the late paycheck even if it was

one day late.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an Order providing

relief against each Defendant jointly and severally as follows:

(A)   An injunction issued pursuant to issued pursuant to section 17 of the Act permanently restraining Eagle IT Inc, its officers, agents, employees, and those persons in active concern or participation with Eagle IT, from violating the provisions of section 15(a)(3) of the Act, including by threatening to sabotage Petioner's H1B petition or withdrawing such petition, terminating or threatening to terminate and/or lay off, intimidating, coercing, threatening, or retaliating or discriminating in any other way against any current or former employee, because the employee engaged in protected activity under the FLSA;

(B)   Compensatory damages

(C)   Statutory damages, if applicable;

(D)   Damages for lost wages and benefits, back pay, front pay;

(E)   Damages for humiliation, mental and emotional distress;

(F)   Punitive damages and or liquidated damages where permitted by law;

(G)   Attorneys' fees and costs of suit;

(H)   Lawful interest - including pre-judgment interest on lost wages;

(I)   Lawful interest - including pre-judgment interest on any wages not paid in a timely

manner;

(J)   An injunction to stop the employer from requesting expenses spent on

training employee to be reimbursed in the event of termination; and

(K) Such other, further and different relief as the Court deems fitting, just and proper.

25

## **<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact.

Dated: November 21, 2022   Respectfully submitted,

         *<u>By: /s/ Nicholas Anthony Pagliara</u>*
         Nicholas Anthony Pagliara, Esq.
         NJ Bar No. 054712014
         PAGLIARA LAW GROUP, P.A.
         939 JFK Blvd. East No. 2
         Weehawken, NJ 07086
         PH:  (201) 470-4181
         FX:  (201) 470-4181
         Email: office@pagliaralawgroup.com

         ATTORNEYS FOR PLAINTIFF