NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| SONALI CHILUPURI, | : | Civil Action No. 22-6718-SDW-AME |
| | : | |
| Plaintiff, | : | **REPORT and RECOMMENDATION** |
| | : | |
| v. | : | |
| | : | |
| EAGLE IT INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**ESPINOSA**, Magistrate Judge

This matter is before the Court upon its Order To Show Cause, entered May 8, 2024, directing Defendants Eagle IT Inc. ("Eagle IT") and Ahmed Mustafa ("Mustafa") (collectively "Defendants") to demonstrate why their Answer should not be stricken pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) [D.E. 36]. To date, Defendants have filed no response or otherwise requested to be heard, despite the Court's *sua sponte* extension of the response deadline.[1] This Court has reviewed the record of this action and, for the following reasons, respectfully recommends that the District Court strike Defendants' Answer and grant Plaintiff leave to seek entry of default and thereafter file a motion default judgment pursuant to Federal Rule of Civil Procedure 55.

---

[1] The Order To Show Cause directed Plaintiff to serve a copy of that order on Defendants. *See* D.E. 36. However, because proof of service was not filed on the docket, the Court extended Defendants' response deadline to July 26, 2024, and directed the Clerk's Office to mail a copy of the Order To Show Cause, together with the order providing the extended deadline, to Defendants at their last known address. *See* D.E. 37. Although the mailing was returned as undeliverable, *see* D.E. 38, electronic notice was sent to Mustafa at his personal email address.

I.  **BACKGROUND**

Plaintiff Sonali Chilupuri ("Plaintiff"), a former employee of Eagle IT, filed this action on November 21, 2022, seeking relief under the Fair Labor Standards Act ("FLSA"), New Jersey Wage and Hour Law ("NJWHL"), New Jersey Conscientious Employee Protection Act ("CEPA"), and various other causes of action, based on allegations that Eagle IT and its principal Mustafa unlawfully failed to pay her proper wages and retaliated against her for complaining about the inadequate compensation and other allegedly unlawful conduct. An initial entry of default against Defendants for failure to respond to Plaintiff's Complaint was vacated by Consent Order entered on January 4, 2023. Defendants thereafter entered an appearance through counsel and filed an Answer to Plaintiff's Amended Complaint.

Following the Court's entry of a Pretrial Scheduling Order on May 26, 2023, the parties commenced discovery. Throughout the process, the parties encountered discovery disputes, which were submitted to the Court for resolution. The most recent impasse, set forth in the parties' joint letter of December 19, 2023, concerned Defendants' outstanding responses to certain interrogatories and requests for production. Plaintiff maintained her discovery demands related to her allegations that Defendants had sought an H1-B visa for her despite knowing Eagle IT lacked sufficient work to justify the visa and intending to force Plaintiff to seek sufficient wages elsewhere. She also maintained they related to allegations she was underpaid for her work at Eagle IT and retaliated against when she complained about this conduct. Defendants maintained the requests were irrelevant and/or overbroad as to Plaintiff's claims under the FLSA, state wage and hour laws, and other claimed theories of relief. The Court scheduled oral argument on that dispute for January 24, 2024.[2]

---

[2] The dispute remained pending and unresolved when this Order To Show Cause was entered, due to the withdrawal of Defendants' counsel and Defendants' repeated failures to appear, as detailed herein.

However, on January 17, 2024, Defendants' then-counsel of record, Archer & Greiner, moved to withdraw, pursuant to Local Civil Rule 102.1, for failure by Defendants to cooperate with their litigation obligations, failure to pay for services rendered, and the overall breakdown in the attorney-client relationship. Defendants did not respond to the motion or otherwise request to be heard. The Court granted Archer & Greiner's motion to withdraw as Defendants' counsel by Order entered February 21, 2024 (the "Withdrawal Order"). The Withdrawal Order provided Defendants thirty days to secure new counsel and held existing litigation deadlines in abeyance, essentially staying the action. It further ordered that at the conclusion of that period, the litigation would proceed, whether or not Defendants sought substitute counsel, and scheduled a status conference for April 8, 2024. More specifically, the Withdrawal Order put Defendants on notice that, should no counsel enter an appearance on their behalf, individual defendant Mustafa would be required to proceed pro se and Eagle IT would be deemed to be in default, consistent with the requirement that a corporate party may only appear through counsel. The Withdrawal Order was served by withdrawing counsel on Defendants by email to three different email addresses and by Federal Express and first class mail to their last known physical address.

Defendants remained unrepresented by counsel at the conclusion of the thirty-day stay. Default was entered against Eagle IT pursuant to Federal Rule of Civil Procedure 55(a). Mustafa failed to appear for the telephonic status conference on April 8, 2024, despite having notice of the date, time, and call-in information. The Court rescheduled the telephonic conference, setting a new date of May 6, 2024 and posting all pertinent information needed to join the call in a Text Order entered on the docket. To provide additional notice to Defendants, the Court directed Plaintiff's counsel to mail and email a copy of that Text Order to Defendants' last known

addresses. When the Court convened the May 6, 2024 conference, Defendants once again failed to appear.

On May 8, 2024, the Court issued the Order To Show Cause giving rise to this Report and Recommendation. The Order To Show Cause directed Defendants to "show cause, in writing, as to why their Answer should not be stricken pursuant to Federal Rules of Civil Procedure 16(f) and 37(b) for failure to comply with Court orders, failure to provide discovery, and failure to defend this action" and expressly warned that "failure to timely respond … may result in the imposition of sanctions, including, without limitation, striking [Defendants'] Answer." [3] Defendants' response was initially due by May 30, 2024, a deadline later extended to July 26, 2024. *See* note 1, *supra*. However, none was filed.

**II.    DISCUSSION**

Federal Rule of Civil Procedure 16(f) authorizes the imposition of sanctions for a party's noncompliance with an order "to appear at a scheduling or other pretrial conference" and/or noncompliance with some other pretrial order. Fed. R. Civ. P. 16(f). Incorporating Rule 37(b) by reference, Rule 16(f) makes a number of sanctions available to the Court, including without limitation "striking pleadings in whole or in part;" "dismissing the action or proceeding in whole or in part;" and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A) (enumerating sanctions); Fed. R. Civ. P. 16(f) (incorporating list set forth in Rule 37(b)). Although the Court has "broad discretion" in determining the "type and degree of sanctions it can impose," the sanctions "must be just and related to the claims at issue." *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006).

---

[3] Although Eagle IT was already in default by virtue of its failure to enter an appearance through counsel, the Court nevertheless directed its Order To Show Cause to both Defendants, for failure to obey Court orders and actively participate in the litigation.

In *Poulis v. State Farm Fire & Casualty Company*, the Third Circuit recognized that "dismissals with prejudice or defaults are drastic sanctions . . . to be reserved for extreme cases." 747 F.2d 863, 867 (3d Cir. 1984) (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). *Poulis* thus identified six factors a court must generally consider before imposing such sanctions. *Id.* at 868.[4] They are:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* (emphasis in original). Although each factor must be applied, no single consideration is determinative, and the Court may impose the sanction of dismissal or default even when all six *Poulis* factors are not satisfied. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003); *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). The Third Circuit has held that "the decision [to dismiss or enter default] must be made in the context of the district court's extended contact with the litigant." *Mindek*, 964 F.2d at 1373. Whether to impose such sanctions is ultimately a matter of the district court's discretion. *Id*.

---

[4] Some courts in this district have observed that a *Poulis* analysis is unnecessary where a party has willfully abandoned his or her case. *See, e.g., Kubo v. Rossi*, Civ. No. 09-4771, 2012 WL 1716240, at *2 (D.N.J. Apr. 25, 2012) ("Although this Court is generally required to engage in a full analysis of the *Poulis* factors, in cases where a party willfully abandons his case, or makes adjudication of a matter impossible, *Poulis* balancing is unnecessary.") (citing *Spain v. Gallegos*, 26 F.3d 439, 454–55 (3d Cir.1994)); *First Nat'l Bank of Arizona v. Majestic Home Mortg.*, Civ. No. 02-2935, 2007 WL 2416452, at *4 (D.N.J. Aug. 21, 2007) (noting a party's pleadings may be stricken, without consideration of the *Poulis* factors, in view of her apparent abandonment of the case). Here, Defendants' repeated noncompliance with their obligations to participate in Court conferences, failure to provide outstanding discovery responses and/or engage in the Rule 37 dispute resolution process, and disregard of the Order To Show Cause may be fairly construed as an abandonment of their defense of this action. Nevertheless, affording more respect to this matter than Defendants have elected to muster, the Court will apply the *Poulis* factors to evaluate the nature and degree of sanctions that may be warranted.

The first factor, the party's personal responsibility, weighs heavily in favor of striking Defendants' Answer. Defendants have neglected their obligations related to the defense of this action, particularly after counsel's withdrawal, making it clear they bear personal responsibility for the noncompliance. *See Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d at 920 (finding first prong of *Poulis* analysis militated in favor of sanction defendants, reasoning they were personally responsible for the conduct of the litigation after their counsel withdrew), *abrogated on other grounds by Morgan v. Sundance, Inc.*, 142 S. Ct. 1708 (2022). The record reflects Defendants failed to respond to various written discovery demands served by Plaintiff. Additionally, Defendants disregarded their former counsel's efforts to communicate with them in connection with the defense of this action, despite counsel's warning that their continued lack of cooperation would result in counsel's motion to withdraw. Defendants persisted in ignoring their responsibilities after counsel's withdrawal. Over six months after the parties' December 19, 2023 joint dispute letter, in which Plaintiff raised numerous deficiencies in Defendants' answers to interrogatories and document production, complete discovery responses remain outstanding. Defendants have also ignored two Court orders requiring appearances at case management conferences. Eagle IT has failed to retain counsel through whom it could comply with its litigation obligations, and Mustafa, as a pro se litigant, has failed to carry his personal responsibility for defending this action. Such conduct clearly exemplifies the extent of the Defendants' personal responsibility for the contemplated sanction.

The second factor, prejudice to Plaintiff, also weighs in favor of ordering that the Answer be stricken. To determine whether a party's failure to meet his litigation responsibilities has caused the opposing party prejudicial harm, the Court considers whether the misconduct "imped[es] a party's ability to prepare effectively a full and complete trial strategy." *Ware*, 322

6

F.3d at 222. Defendants' disregard for their discovery obligations prevents Plaintiff from obtaining essential information required to prove her factual allegations, explore potential damages, and investigate the asserted affirmative defenses. Indeed, although fact discovery commenced over one year ago, it remains incomplete, and Defendants' failure to appear for Court conferences has essentially brought this action to a standstill. Due to their failure to engage in litigation, Defendants have prevented Plaintiff from prosecuting her claims and impeded her effort to pursue her rights and remedies under the various employee protection statutes asserted in her Amended Complaint, resulting in prejudice to Plaintiff.

The third factor, which considers Defendants' history of dilatoriness, further supports the imposition of sanctions against them. In *Poulis*, the Third Circuit emphasized the importance of abiding by deadlines and time constraints set by the Federal Rules and by the Court. *Poulis*, 747 F.2d at 868. However, it also made clear that only a pattern of dilatoriness would weigh in favor of striking a party's pleading. *Id.* Here, that pattern is manifest. Defendants' disregard for this Court's Orders and failure to attend case management conferences has introduced needless and undue delay into this action. Their conduct has prevented the Court from resolving an outstanding dispute over fact discovery and unacceptably slowed any progress towards a resolution of the claims and defenses at issue.

Fourth, the willfulness or bad faith of the party to be sanctioned weighs heavily in favor of striking Defendants' Answer. Before their prior counsel withdrew, Defendants were advised that their ongoing failure to cooperate would result in a motion by counsel to be relieved. Thereafter, when the motion was granted, the Court expressly notified Defendants of their obligation to proceed with the litigation, notwithstanding the withdrawal of counsel, and provided them with time to secure new counsel. Despite the Court's warnings of the

consequence to Eagle IT of failing to obtain counsel and of the personal obligation on Mustafa as a pro se litigant, Defendants failed to appear for the April 8, 2024 conference and again for the May 6, 2024 conference. Each scheduled conference was clearly set forth by Court order, issued well in advance of the proceedings and on notice to all parties. Defendants' conduct indicates a willful disregard of the Court's orders and further militates in favor of sanctions.

Fifth, before concluding the Answer should be stricken, the Court must consider whether any alternative sanctions would be effective. Here, the history and extent of Defendants' noncompliance with Court orders and with the Federal Rules governing discovery indicates that lesser sanctions would not be effective. The Court has provided numerous opportunities for Defendants to participate in this action, yet they have failed to appear for conferences, engage in discovery, and communicate with opposing counsel and with the Court. Indeed, they have failed to respond to this Order To Show Cause and offer any argument for consequences less severe than striking their responsive pleading. Defendants have thus displayed an unwillingness to defend against Plaintiff's claims. In light of the foregoing, it does not appear that alternative sanctions would be effective in curing the prejudice to Plaintiff, encouraging Defendants to fulfill their litigation responsibilities, and avoiding further delay in the development of this action towards resolution.

Sixth, the meritoriousness of the defenses presents, at best, a neutral factor in this action. Given the presently incomplete state of fact discovery and Defendants' refusal to continue participating in the litigation, including their lack of response to the Order To Show Cause, the Court cannot meaningfully evaluate the potential merits of their defenses against Plaintiff's claims.

On balance, the *Poulis* factors support imposing sanctions on Defendants under Rule 16(f) for noncompliance with orders and failure to appear at conferences. This Court finds, for the foregoing reasons, that striking Defendants' Answer is an appropriate sanction for their misconduct. Although this is strong medicine, Defendants' willful and persistent failure to comply with Court orders, appear for conferences, and proceed with discovery, together with their lack of any response to the Order To Show Cause and Eagle IT's failure to enter an appearance through counsel, strongly suggests they have essentially abandoned their defense of Plaintiff's claims. Under such circumstances, no lesser sanction than striking the Answer and entering default is appropriate. *See, e.g.*, *Pro Custom Solar, LLC v. Castillo*, Civ. No. 19-12469, 2021 WL 7842376, at *1 (D.N.J. Mar. 8, 2021) (finding the defendants' failure to participate and apparent abandonment of the action warranted sanctions consisting of striking their answer and entering default).

### III. CONCLUSION

For the foregoing reasons, this Court concludes that Rule 16(f) sanctions against Defendants are warranted and respectfully recommends that the District Court strike Defendants' Answer and provide Plaintiff with leave to seek entry of default and default judgment pursuant to Federal Rule of Civil Procedure 55.

                                               */s/ André M Espinosa*
                                              ANDRÉ M. ESPINOSA
                                              United States Magistrate Judge

Dated:  August 2, 2024